Mary Jo O'Neill, AZ Bar #005924
James P. Driscoll-MacEachron, AZ Bar #027828
Mark Sorokin, AZ Bar #031960
**Equal Employment Opportunity**
**Commission, Phoenix, District Office**
3300 North Central Ave., Suite 690
Phoenix, AZ 85016
Telephone: (602) 535-0412
Fax: (602) 640-5071
Email:   mary.oneill@eeoc.gov
            james.driscoll-maceachron@eeoc.gov
            mark.sorokin@eeoc.gov

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission, ) | |
| ) | |
| Plaintiff, ) | **COMPLAINT** |
| ) | |
| vs. ) | **(JURY DEMAND)** |
| ) | |
| Community Care Health Network, Inc. d/b/a Matrix Medical Network, LLC, ) | |
| ) | |
| Defendant ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Charging Party Patricia Pogue. As alleged with greater particularity below, Defendant Employer Community Care Health Network of Arizona, Inc. d/b/a Matrix Medical Network subjected Patricia Pogue to sex discrimination when it rescinded a job offer to Ms. Pogue because she was pregnant.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Arizona.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant Community Care Health Network, Inc. d/b/a Matrix Medical Network (the "Employer" or "Matrix"), a Delaware corporation, has continuously been doing business in the State of Arizona and the City of Scottsdale, and has continuously had at least 15 employees.

5.      At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6.      More than thirty days prior to the institution of this lawsuit, Charging Party Patricia Pogue filed a charge with the Commission alleging violations of Title VII by Defendant Employer.

7.      On May 22, 2018, the Commission issued to Defendant Employer a Letter of Determination finding reasonable cause to believe that Title VII was violated and

inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8.    On September 11, 2018, the Commission issued to Defendant Employer a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

9.    All conditions precedent to the institution of this lawsuit have been fulfilled.

## **FACTUAL ALLEGATIONS**

10.    On or about September 2015, Matrix posted a job opening for the position of Credentialing Manager.

11.    On or about September 20, 2015, Ms. Pogue submitted an application in response to Matrix's job opening for a Credentialing Manager.

12.    Matrix interviewed Ms. Pogue over the telephone for the Credentialing Manager position.

13.    After the telephonic interview, Matrix invited Ms. Pogue to travel to Arizona for an in-person interview for the Credentialing Manager position.

14.    Ms. Pogue accepted Matrix's invitation and traveled to Arizona for an interview on October 12, 2015. Ms. Pogue interviewed with several Matrix employees, including its Vice President of Credentialing.

15.    Matrix then invited Ms. Pogue to travel to Arizona for a second round of in person interviews.

16.    Ms. Pogue accepted Matrix's invitation to return for a second round of in person interviews. This interview took place on November 2, 2015, and included the Chief Human Capital Officer and the Vice President of Recruiting.

17.    Matrix offered the position of Credentialing Manager to Ms. Pogue on November 10, 2015 over the telephone and via email.

18.     On November 10, 2015, after receiving the job offer, Ms. Pogue called Matrix back and informed Matrix that she was pregnant and that her due date was in February of 2016.

19.     Ms. Pogue accepted the job offer in writing on November 11, 2015.

20.     On or about November 18, 2015, Matrix emailed Ms. Pogue seeking her availability for a conference call.

21.     Matrix's Chief Human Capital Officer and Vice President of Credentialing spoke with Ms. Pogue on November 18, 2015 by telephone.

22.     The Chief Human Capital Officer told Ms. Pogue that she was concerned that Ms. Pogue did not disclose her pregnancy during her interviews. The Chief Human Capital Officer claimed that Ms. Pogue misled Matrix during her job interviews by failing to disclose her pregnancy.

23.     On or about November 19, 2015, Matrix's Chief Human Capital Officer and Ms. Pogue again spoke, and Matrix again claimed that Ms. Pogue had misled Matrix during her job interviews by failing to disclose her pregnancy.

24.     In the same phone call on or about November 19, 2015, Matrix informed Ms. Pogue that it was rescinding the job offer.

25.     On November 20, 2015, Matrix sent Ms. Pogue an email formally rescinding its job offer to Ms. Pogue.

## STATEMENT OF CLAIMS

## FIRST CLAIM FOR RELIEF

### [Failure to Hire on the basis of Sex (Pregnancy), 42 U.S.C. § 2000e-2(a)]

26.     The allegations in the foregoing paragraphs are hereby incorporated by reference.

27.     Since at least September 20, 2015, Defendant Employer has engaged in unlawful employment practices in Scottsdale, Arizona, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), by rescinding its job offer and refusing to hire Ms. Pogue because she was pregnant.

28. At the time Matrix offered Ms. Pogue the job of Credentialing Manager, Ms. Pogue was pregnant.

29. At the time Matrix offered Ms. Pogue the job of Credentialing Manager, Ms. Pogue was qualified to perform the duties of a Credentialing Manager.

30. Matrix rescinded its job offer to Ms. Pogue because she was pregnant.

31. When Matrix rescinded its job offer to Ms. Pogue, Matrix knew Ms. Pogue was pregnant.

32. Matrix refused to hire Ms. Pogue because she was pregnant.

33. After Matrix rescinded its job offer to Ms. Pogue, Matrix continued to interview other individuals for the Credentialing Manager position.

34. The effect of the practices complained of in the foregoing paragraphs has been to deprive Patricia Pogue of equal employment opportunities and otherwise adversely affect her status as an applicant for employment, because of her sex, female, and her pregnancy.

35. The unlawful employment practices complained of in the foregoing paragraphs were intentional.

36. The unlawful employment practices complained of in the foregoing paragraphs were done with malice or with reckless indifference to the federally protected rights of Patricia Pogue.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in discrimination on the basis of sex, female, and pregnancy.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for women who are pregnant and which eradicate the effects of its past and present unlawful employment practices.

C.      Order Defendant Employer to make whole Patricia Pogue, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstating its offer of employment to Patricia Pogue and front pay.

D.      Order Defendant Employer to make whole Patricia Pogue by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in the foregoing paragraphs, in amounts to be determined at trial.

E.      Order Defendant Employer to make whole Patricia Pogue by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in the foregoing paragraphs, in amounts to be determined at trial.

F.      Order Defendant Employer to pay Patricia Pogue punitive damages for its malicious and reckless conduct, as described in the foregoing paragraphs, in amounts to be determined at trial.

G.      Grant such further relief as the Court deems necessary and proper in the public interest.

H.      Award the Commission its costs of this action.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its complaint.

JAMES LEE
Acting General Counsel

GWENDOLYN REAMS
Associate General Counsel

MARY JO O'NEILL
Regional Attorney

JAMES P. DRISCOLL-MACEACHRON
Supervisory Trial Attorney

*/s/ Mark Sorokin*
MARK SOROKIN
Trial Attorney


EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Phoenix District Office
3300 North Central Ave., Suite 690
Phoenix, AZ 85012

Attorneys for Plaintiff